

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
AGROVENUS LLP and FOOD
INGREDIENTS LLC,

                Plaintiffs,

       -against-

PACIFIC INTERLINK SDN BHD,

                Defendant.
------------------------------------------------------X

09 Civ.

VERIFIED COMPLAINT

09 Civ. 8770 (SAS)

      PLEASE TAKE NOTICE that Plaintiffs, AGROVENUS LLP ("AGROVENUS") and FOOD INGREDIENTS LLC ("FOOD INGREDIENTS"), by their attorneys, MAHONEY & KEANE LLP., as and for a Complaint against Defendant PACIFIC INTERLINK SDN BHD ("PACIFIC INTERLINK"), allege, upon information and belief, as follows:

      1.     This is a case of admiralty and maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is based upon 28 U.S.C. § 1333, as well as the Court's pendent, supplementary and ancillary jurisdiction.

      2.     Plaintiff AGROVENUS is a foreign corporation with a place of business located at Curzon House, Clifton Street, London EC2A 4HB, United Kingdom.

      3.     Plaintiff FOOD INGREDIENTS is a foreign corporation with a place of business located at 353532 Krasnodarskiy Kray, Temryukskiy Region, Vil. Vinogradniy, Lenina Street, 8, Russia.

      4.     Defendant, PACIFIC INTERLINK, is a business entity organized and existing pursuant to the laws of a foreign country with a place of business located at 31st Floor, Menara Dato'onn Putra, World Trade Centre, 45, Jalan Tun Ismail, 50480, Kuala

Lumpur, Malaysia.

## AS AND FOR A FIRST CLAIM AGAINST DEFENDANT

5.  Plaintiffs repeat and reiterate each allegation contained in paragraphs "1" through "4" as if specifically set forth herein at length.

6.  Plaintiff FOOD INGREDIENTS and Defendant PACIFIC INTERLINK entered into several agreements for the sale and ocean transportation by PACIFIC INTERLINK of various quantities of palm oil from Malaysia and Indonesia to various ports in Turkey and Ukraine.

7.  Under the terms of the agreements, Defendant was required deliver the cargo in question at times determined by the various agreements.

8.  Under the terms of the agreements and/or by virtue of English law applicable to the agreements, if Defendant failed to deliver the cargo in question at the agreed-upon times, Defendant is required to pay to Plaintiff FOOD INGREDIENTS any demurrage/detention earned for Defendant's failure to deliver cargo at the ports of loading at the times required by the various agreements.

9.  Defendant breached the agreements by, unlawfully and in contravention of the terms of the agreements, failing to deliver the cargo in question at the agreed-upon times.

10. Defendant breached the referenced agreements, by unlawfully and in contravention of the terms of the agreements, failing to pay over to Plaintiff FOOD INGREDIENTS the demurrage/detention charges in the amount of US$403,093.49, all of which was duly earned by Plaintiff.

11. As a result of Defendant's breach of the agreements, Plaintiff FOOD INGREDIENTS has incurred and will continue to incur damages, costs and expenses for

which Defendant is liable under the terms of the agreements and at law.

12. Under the terms of the agreements, all claims, disputes and other matters arising out of or relating to the agreements shall be settled by arbitration under English law.

13. Plaintiff FOOD INGREDIENTS has commenced arbitration in London, seeking to recover under the referenced claim.

14. Under English law, attorneys' fees, interest, and costs are routinely awarded to the prevailing party.

15. As a result of Defendant's breach of the agreements, Plaintiff FOOD INGREDIENTS has sustained damages, and, as best as can now be estimated, Plaintiff expects to recover the following amounts:

| | |
|---|---|
| Principal claim: | $403,093.49 |
| Attorneys' fees and costs | $125,000.00 |
| Interest compounded on principal yearly for 3 yrs at 6.5% | $83,823.14 |
| Total | $611,916.63 |

16. Plaintiff FOOD INGREDIENTS sues on its own behalf and as agent and trustee on behalf of any other party who may now have or hereinafter acquire an interest in this action.

17. All conditions precedent required of Plaintiff FOOD INGREDIENTS in the aforesaid agreements and modifications have been performed.

### AS AND FOR A SECOND CLAIM AGAINST DEFENDANT

18. Plaintiffs repeat and reiterate each allegation contained in paragraphs "1" through "17" as if specifically set forth herein at length.

19. On or about April 3, 2009, Plaintiff AGROVENUS, as Buyer/Shipper, and

Defendant PACIFIC INTERLINK, as Seller/Carrier, entered an agreement for the sale and ocean transportation of various quantities of palm oil from Malaysia and Indonesia, to Odessa Port, Ukraine.

20.     Under the terms of the agreement, Plaintiff AGROVENUS was required to pay freight charges for the ocean transportation of the cargoes in question from the point of origin to the final destination being a part of the CIF price of the contract.

21.     On or about April 10, 2009, Plaintiff AGROVENUS and Defendant agreed to modify the sale and transportation agreements to allow for a decrease in the freight charges accrued under the agreement.

22.     Under the modification of the agreement, Defendant would reimburse Plaintiff AGROVENUS for freight charges paid by Plaintiff in excess of that required by the modified agreement.

23.     Defendant breached the referenced agreements and modifications, by unlawfully and in contravention of the terms of the agreement, failing to reimburse Plaintiff AGROVENUS the amount of US$256,301.85, due to Plaintiff as overpayment of freight.

24.     As a result of Defendant's breach of the agreement and modification, Plaintiff AGROVENUS has incurred and will continue to incur damages, costs and expenses for which Defendant is liable under the terms of the agreement, modification and at law.

25.     Under the terms of the agreement and modification, all claims, disputes and other matters arising out of or relating to the agreement shall be settled by arbitration under English law.

26.     Plaintiff AGROVENUS has commenced arbitration in London, seeking to

recover under the referenced claim.

27. Under English law, attorneys' fees, interest, and costs are routinely awarded to the prevailing party.

28. As a result of Defendant's breach of the agreement and modification, Plaintiff AGROVENUS has sustained damages, and, as best as can now be estimated, Plaintiff expects to recover the following amounts:

| | |
|---|---|
| Principal claims: | $256,301.85 |
| Attorneys' fees and costs | $62,500.00 |
| Interest compounded on principal yearly for 3 yrs at 6.5% | $53,297.87 |
| Total | $372,099.72 |

29. Plaintiff AGROVENUS sues on its own behalf and as agent and trustee on behalf of any other party who may now have or hereinafter acquire an interest in this action.

30. All conditions precedent required of Plaintiff AGROVENUS in the aforesaid agreements and modifications have been performed.

## AS AND FOR A THIRD CLAIM AGAINST DEFENDANT

31. Plaintiffs repeat and reiterate each allegation contained in paragraphs "1" through "30" as if specifically set forth herein at length.

32. On or about April 3, 2009, Plaintiff FOOD INGREDIENTS, as Buyers/Shippers, and Defendant PACIFIC INTERLINK, as Seller/Carrier, entered an agreement for the sale and ocean transportation of various quantities of palm oil from Malaysia and Indonesia, to Port Izmit, Turkey and consecutively from Port Izmit, Turkey to Ukraine.

33. Under the terms of the agreement, Plaintiff FOOD INGREDIENTS was

required to pay freight charges for the ocean transportation of the cargoes in question from Malaysia and Indonesia, to Port Izmit, Turkey.

34. On or about April 10, 2009, Plaintiff FOOD INGREDIENTS and Defendant agreed to modify the sale and transportation agreement to allow for a decrease in the freight charges accrued under the agreement.

35. Under the modification of the agreement, Defendant would reimburse Plaintiff FOOD INGREDIENTS for freight charges paid by Plaintiff in excess of that required by the modified agreement.

36. Defendant breached the referenced agreement and modification, by unlawfully and in contravention of the terms of the agreement and modification, failing to reimburse Plaintiff FOOD INGREDIENTS the amount of the amount of US$180,768.42, due to Plaintiff as overpayment of freight.

37. As a result of Defendant's breach of the agreement and modification, Plaintiff FOOD INGREDIENTS has incurred and will continue to incur damages, costs and expenses for which Defendant is liable under the terms of the agreement, modification and at law.

38. Under the terms of the agreement and modification, all claims, disputes and other matters arising out of or relating to the agreement shall be settled by arbitration under English law.

39. Plaintiff FOOD INGREDIENTS has commenced arbitration in London, seeking to recover under the referenced claim.

40. Under English law, attorneys' fees, interest, and costs are routinely awarded to the prevailing party.

41. As a result of Defendant's breach of the agreement and modification, Plaintiff FOOD INGREDIENTS has sustained damages, and, as best as can now be estimated, Plaintiff expects to recover the following amounts:

| | |
|---|---|
| Principal claims: | $180,768.42 |
| Attorneys' fees and costs | $62,500.00 |
| Interest compounded on principal yearly for 3 yrs at 6.5% | $37,590.73 |
| Total | $280,859.15 |

42. Plaintiff FOOD INGREDIENTS sues on its own behalf and as agent and trustee on behalf of any other party who may now have or hereinafter acquire an interest in this action.

43. All conditions precedent required of Plaintiff FOOD INGREDIENTS in the aforesaid agreements and modifications have been performed.

## AS AND FOR ALLEGATIONS IN SUPPORT OF PLAINTIFFS' APPLICATION FOR RULE B RELIEF

44. Plaintiffs repeat and reiterate each allegation contained in paragraphs "1" through "31" as if specifically set forth herein at length.

45. Defendant cannot be found, within the meaning of Rule B of the Federal Rules of Civil Procedure Supplemental Rules for Certain Admiralty and Maritime Claims, within this District, but, upon information and belief, Defendant has or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court held in the hands of garnishees including, but not limited to, Bank of America, Bank of New York Mellon, Citibank, HSBC Bank USA NA, J.P. Morgan Chase, Standard Chartered Bank, Wachovia Bank N.A., Deutsche Bank AG, ABN AMRO Bank N.V.,

American Express Bank Ltd., Barclays' Bank, Bank of China, BNP Paribas, Societe Generale Bank, Credit Suisse and/or UBS, which are believed to be due and owing to Plaintiff.

46. For the purpose of obtaining personal jurisdiction over Defendant and securing Plaintiff's claim as described above, Plaintiff seeks and order from this Court directing the Clerk of the Court to issue process of maritime attachment and garnishment pursuant to Rule B of the Federal Rules of Civil Procedure Supplemental Rules for Certain Admiralty and Maritime Claims, restraining and attaching any assets, cash, funds, credits, wire transfers, electronic funds transfers, accounts, letters of credit freights, sub-freights, charter hire, sub-charter hire, and/or other assets belonging to, due or for the benefit of Defendant, including but not limited to such assets as may be held, received or transferred in its own name or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of banking institutions including but not limited to the aforesaid garnishees and/or any other garnishee upon whom a copy of the Process of Maritime Attachment and Garnishment may be served.

WHEREFORE, Plaintiffs pray:

A. That process in due form of law issue against Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint;

B. That, since Defendant cannot be found in this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, the Court direct the Clerk of the Court to issue an order, pursuant to Rule B of the Federal Rules of Civil Procedure Supplemental Rules for Certain Admiralty, restraining and attaching all tangible or intangible property in whatever form or any other funds held by any garnishee, including but not limited to the Bank of America, Bank of New York Mellon, Citibank,

12/3935

HSBC Bank USA NA, J.P. Morgan Chase, Standard Chartered Bank, Wachovia Bank N.A., Deutsche Bank AG, ABN AMRO Bank N.V., American Express Bank Ltd., Barclays' Bank, Bank of China, BNP Paribas, Societe Generale Bank, Credit Suisse, UBS and/or any other garnishee upon whom a copy of the Process of Maritime Attachment and Garnishment may be served, in the amount of US$1,264,875.50 to secure Plaintiffs' claims, and that all persons claiming any interest in the same be cited to appear and answer the matters alleged in the Complaint;

      C.    That the Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof.

      D.    That Plaintiffs have such other and further relief as this Honorable Court may deem just and proper.

Dated: New York, New York
       October 15, 2009

                            Respectfully submitted,

                            MAHONEY & KEANE, LLP
                            Attorneys for Plaintiffs

By: _____
        Garth S. Wolfson
        11 Hanover Square
        New York, New York 10005
        (212) 385-1422
        M&K File No. 12/3935

## ATTORNEY VERIFICATION

STATE OF NEW YORK    :
                     : SS.:
COUNTY OF NEW YORK   :

1. My name is Garth S. Wolfson.

2. I am over 18 years of age, of sound mind, capable of making this Verification and fully competent to testify to all matters stated herein.

3. I am the attorney for Plaintiffs, and I am fully authorized to make this Verification on their behalf.

4. I have read the foregoing Complaint and the contents thereof are true and accurate to the best of my knowledge, information and belief.

5. The reason that this Verification was made by me and not the Plaintiffs is that the Plaintiffs are corporations none of whose officers are present in this District.

6. The source of my knowledge is information and records furnished to me by the Plaintiffs and their counsel, all of which I believe to be true and accurate.

_____
Garth S. Wolfson

SWORN TO BEFORE ME ON THIS
15th DAY OF OCTOBER, 2009

_____
Notary Public

JORGE RODRIGUEZ
NOTARY PUBLIC
State of New York No. 02RO6128023
Qualified in New York County
Term Expires 06/06/2009

12/3935                                    10